ALEXANDER M. DUDELSON, ESQ. (AD4809)
26 Court Street - Suite 2306
Brooklyn, New York 11242
(718) 855-5100
(718) 624-9552 Fax
adesq@aol.com
*Attorney for Plaintiff*

FILED
CLERK
2014 OCT 30 AM 11: 51
U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DONALD PLETEAU,

                                      Plaintiff,

    -against-

CITY OF NEW YORK and "JOHN DOES 1-10" FICTITIOUS NAMES INTENDED TO BE POLICE OFFICERS AND EMPLOYEES OF THE NEW YORK CITY POLICE DEPARTMENT, EACH INDIVIDUALLY AND AS POLICE OFFICERS OF THE NEW YORK CITY POLICE DEPARTMENT,

                                    Defendants.
-----------------------------------------------------------------X

CV 14 - 6416

Case No.:

COMPLAINT AND
JURY DEMAND

VITALIANO, J.

BLOOM, M.J.

      Plaintiff, DONALD PLETEAU, by and through his attorney, ALEXANDER M. DUDELSON, ESQ., states as follows:

### INTRODUCTION

      1.    This is an action for the wrongful acts of Defendants CITY OF NEW YORK and "JOHN DOES 1-10" FICTITIOUS NAMES INTENDED TO BE POLICE OFFICERS AND EMPLOYEES OF THE NEW YORK CITY POLICE DEPARTMENT, EACH INDIVIDUALLY AND AS POLICE OFFICERS OF THE NEW YORK CITY POLICE DEPARTMENT, in violation of Plaintiff's rights secured by 42 U.S.C. Section 1983 and the constitution and laws of the State of New York and the United States.

2. Plaintiff, DONALD PLETEAU, alleges that beginning on or about March 26, 2013, defendants committed wrongful and illegal acts against Plaintiff, including falsely arresting Plaintiff, wrongly imprisoning Plaintiff, maliciously prosecuting Plaintiff, intentionally and/or negligently inflicting severe emotional distress, negligence in the hiring and retaining of incompetent and unfit officers and detectives, negligence in the training, instruction and supervision of its officers and detectives, and violating Plaintiff's Constitutional and civil rights.

## JURISDICTION

3. This action is brought under 42 U.S.C section 1983 in conjunction with the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, and the Constitutional, statutory and common laws of New York State.

4. Jurisdiction is invoked herein pursuant to the aforementioned statutory and Constitutional provisions pursuant to 28 U.S.C. Section 1331 and 1343, this being an action seeking to redress from the violation of the Plaintiff's Constitutional and civil rights.

5. Venue is proper in the United States District Court for the Eastern District of New York under 28 U.S.C. Section 1391(b) in that the incident arose in the Eastern District of New York.

6. Plaintiff demands a trial by jury on each and every one of his claims pled herein.

## PARTIES

7. At all times relevant hereto, Plaintiff was and is a domiciliary of the United States residing in Kings County, in the City and State of New York.

8. At all times relevant hereto, Defendant THE CITY OF NEW YORK was and is a municipality of the State of New York and owns, operates, manages, directs and controls the New York City Police Department, which employs the other named defendants.

9. Defendant POLICE OFFICERS "JOHN DOES 1-10" FICTITIOUS NAMES INTENDED TO BE POLICE OFFICERS AND EMPLOYEES OF THE NEW YORK CITY POLICE DEPARTMENT, EACH INDIVIDUALLY AND AS POLICE OFFICERS OF THE NEW YORK CITY POLICE DEPARTMENT were at all times relevant to this action, police officers employed by the New York City Police Department, and acting under the color of state law. Upon information and belief, DEFENDANT POLICE OFFICERS "JOHN DOES 1-10" FICTITIOUS NAMES INTENDED TO BE POLICE OFFICERS AND EMPLOYEES OF THE NEW YORK CITY POLICE DEPARTMENT, EACH INDIVIDUALLY AND AS POLICE OFFICERS OF THE NEW YORK CITY POLICE DEPARTMENT were assigned to the 67th Precinct of the New York City Police Department, at the time of the occurrences alleged in this complaint. They are being sued in both their individual and official capacities.

10. At all times relevant hereto and in all their actions described herein, defendants were acting under the color of the statutes, ordinances, regulations, policies, customs and usages of the New York City Police Department, and New York City, pursuant to their authority as employees, servants and agents of the New York City Police Department, within the scope of employment, and incidental to their otherwise lawful duties and functions as agents, servants and employees.

11. At all times relevant hereto, the CITY OF NEW YORK was responsible for the training of its police officers, and more particularly, Defendants POLICE OFFICERS "JOHN DOE 1-10" FICTITIOUS NAMES INTENDED TO BE POLICE OFFICERS AND EMPLOYEES OF THE NEW YORK CITY POLICE DEPARTMENT, EACH INDIVIDUALLY AND AS POLICE OFFICERS OF THE NEW YORK CITY POLICE DEPARTMENT, the unknown police officers whose identity Plaintiff intends to discover.

12. At all times relevant hereto, Defendant CITY OF NEW YORK was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and employees of the New York City Police Department.

13. At all times mentioned herein, the Defendant CITY OF NEW YORK, knew or should have known of the bias, poor judgment, abusive and other unlawful propensities of the officers involved in the violation of civil rights, use of excessive force in effecting arrest, false arrest, false imprisonment, malicious prosecution, intentional and/or negligent infliction of emotional distress of Plaintiff.

14. The conduct and injuries complained of herein ensued without any negligent or culpable conduct on the part of the Plaintiff.

## FACTUAL BACKGROUND

15. At all times relevant to this action, Plaintiff DONALD PLETEAU resided at 228 East 32nd Street, Brooklyn New York 11226.

16. On or about March 26, 2013 at approximately 8:00 P.M., Plaintiff was visiting his friend Tyronne Brady's apartment located at 185 Erasmus Street, Brooklyn, New York.

17. At the time the Plaintiff arrived at 185 Erasmus Street, Brooklyn, New York, approximately eight other individuals were in the apartment consisting of seven males and one female.

18. Approximately fifteen minutes after the Plaintiff arrived at the apartment, there was a knock at the door.

19. That Tyronne Brady looked through the peephole at the front door and indicated that indicated that a person's hand was obstructing the view.

20. That Tyronne Brady then stated "who is at the door?"

21. No response was provided to Tyronne Brady's question.

22. Thereafter, Tyronne Brady opened the front door and Defendants POLICE OFFICERS "JOHN DOES 1-10" entered the apartment with guns drawn.

23. That one of the Defendant POLICE OFFICERS "JOHN DOES 1-10" flashed a badge and indicated that he was from the New York City Police Department.

24. That one of the Defendant POLICE OFFICERS "JOHN DOES 1-10" stated "you are not supposed to be here" to Tyronne Brady.

25. That Tyronne Brady furnished the Defendant POLICE OFFICERS "JOHN DOES 1-10" with his lease for the premises.

26. Defendants POLICE OFFICERS "JOHN DOES 1-10" then conducted a search of the premises and the individuals in the apartment.

27. Nothing was found on the person of the Plaintiff.

28. That one of the Defendant POLICE OFFICERS "JOHN DOES 1-10" found a pipe in one of Tyronne Brady's shoes that was located in his bedroom.

29. Defendants POLICE OFFICERS "JOHN DOES 1-10" then placed the Plaintiff and the additional persons in the apartment under arrest.

30. The Plaintiff and the other individuals were handcuffed and escorted to a New York Police Department van.

31. The Plaintiff was then transported to the 67th Precinct station house.

32. That one of the Defendant POLICE OFFICERS "JOHN DOES 1-10" conducted an anal cavity search on the Plaintiff.

33. No contraband was recovered from the person of the Plaintiff.

34. Despite repeated requests, Defendant POLICE OFFICERS "JOHN DOES 1-10" would not provide the Plaintiff with a reason for his arrest.

35. The Plaintiff was held at the 67th Precinct station house for approximately four to five hours.

36. Thereafter the Plaintiff was transferred to Central Booking.

37. Plaintiff was held over night and for a total of twenty-four hours at Central Booking.

38. That on or about March 27, 2013, after being held overnight and for twenty-four hours, the Plaintiff was told by a Prison Officer that he was being released and would not have to appear before a judge.

39. That as a result of the Defendants conduct, the Plaintiff was imprisoned for approximately 24 hours.

40. That while detained, Plaintiff was unable to report to his usual place of business for work.

41. That Plaintiff's mobile telephone was never returned to him, despite repeated attempts to obtain it.

42. As a direct and proximate result of the action of the NEW YORK POLICE DEPARTMENT and POLICE OFFICERS "JOHN DOES 1-10," Plaintiff DONALD PLETEAU suffered severe emotional distress and lost wages.

43. As a direct and proximate result of the actions of POLICE OFFICERS "JOHN DOES 1-10," Plaintiff DONALD PLETEAU was falsely arrested without justification for the aforementioned charges, all of which Plaintiff is wholly innocent of, in addition to causing the Plaintiff to be imprisoned for approximately 24 hours.

44. Defendant POLICE OFFICERS "JOHN DOES 1-10," acted with malice in arresting Plaintiff DONALD PLETEAU on false charges.

45. Defendant POLICE OFFICERS "JOHN DOE 1-10," brought charges against Plaintiff DONALD PLETEAU and purposely misused their Police powers and the courts to arrest, harass, intimidate, and imprison Plaintiff for criminal charges in an effort to immunize themselves for their unlawful, unconstitutional arrest of Plaintiff.

46. To date, as a direct and proximate result of Defendant's actions, Plaintiff DONALD PLETEAU has suffered the loss of his liberty, and continues to suffer emotional pain, permanent damage to his good name, shame, degradation, humiliation, indignity, stress, loss of personal security and liberty, serious mental anguish, psychological and emotional distress, and various other psychological injuries.

47. As a direct and proximate result of Defendants actions, Plaintiff DONALD PLETEAU was arrested and detained for a time amounting to a period lasting approximately 24 hours for criminal charges without just cause.

48. As a direct and proximate cause of Defendant's actions, Plaintiff DONALD PLETEAU was deprived of his rights, privileges and immunities under the Fourth, Eighth and Fourteenth Amendments to United States Constitution and the laws of the State of New York.

49. Defendant CITY OF NEW YORK, as a matter of policy and practice, has with deliberate indifference failed to adequately discipline, train or otherwise direct Police Officers, including the Defendant Police Officers and Detectives, with regard to the rights of residents, citizens, and visitors to the United States of America, thereby causing the Defendant Officers and Detectives in this case to engage in the unlawful conduct described above.

50. Defendant CITY OF NEW YORK, as a matter or policy and practice, has with

deliberate indifference failed to properly sanction or discipline Police Officers and Detectives, including the Defendants in this case, for violations of the constitutional rights of the person within its domain, thereby causing Police Officers and Detectives, including Defendants in this case, to engage in the unlawful conduct described above.

51. Defendant CITY OF NEW YORK, in its policies and practices, has with deliberate indifference, failed to follow procedures for supervising and removing, when appropriate, unstable, malicious, violent, abusive, dishonest and biased Police Officers and Detectives from their duties.

52. Defendant CITY NEW YORK, and the New York City Police Department, knew or should have known that prior to March 26, 2013, the perpetration of unlawful arrests, the commission of perjury and other malicious and inappropriate unlawful acts by Defendant officers were occurring, in that it believed that there may have been complaints of such unlawful conduct by these particular officers, but Defendant CITY OF NEW YORK failed to take appropriate steps to eliminate such unlawful acts.

FIRST CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS:
DEPRIVATION OF LIBERTY BY FALSE ARREST AND FALSE IMPRISONMENT
(DEFENDANT POLICE OFFICERS "JOHN DOE 1-10")

53. Plaintiff repeats and realleges the allegations contained in paragraphs 1-52 of this complaint as though fully set forth therein.

54. The actions of Defendants POLICE OFFICERS "JOHN DOE 1-10" FICTITIOUS NAMES INTENDED TO BE POLICE OFFICERS AND EMPLOYEES OF THE NEW YORK CITY POLICE DEPARTMENT, EACH INDIVIDUALLY AND AS POLICE OFFICERS OF THE NEW YORK CITY POLICE DEPARTMENT, acting under the color of state law, deprived Plaintiff of his rights, privileges and immunities under the laws of the Constitution of the United

States of America and the State of New York, in particular, the rights to liberty, to be secure in his person and property, to due process under the law, and the concomitant rights to be free from false arrest, malicious prosecution, false imprisonment and the intentional and/or negligent infliction of emotional distress.

55. By these actions, Defendants deprived Plaintiff of his rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

56. As a result of the foregoing, Plaintiff was deprived of liberty, sustained great emotional injuries, was subject to great humiliation, suffered lost wages, and was otherwise harmed, damaged and injured.

### SECOND CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS: THE EXCESSIVE USE OF FORCE
### (DEFENDANT POLICE OFFICERS "JOHN DOE 1-10")

57. Plaintiff, repeats and realleges the allegations contained in paragraphs 1-57 of this complaint, as though fully set forth therein.

58. On March 26, 2013, DEFENDANT POLICE OFFICERS "JOHN DOE 1-10", without just cause or provocation and in violation of proper and appropriate police conduct, and with maliciousness and violence, used excessive force in affecting an anal cavity search of Plaintiff such that Plaintiff was injured.

59. That the Defendants, acting as agents and on behalf of the CITY OF NEW YORK and within the scope of their employment, intentionally and maliciously used excessive force, beyond what any reasonable officer in the circumstances would have used, while effecting an arrest of Plaintiff.

60. By reason of the aforesaid, Plaintiff suffered physical damage and pain, intimidation and fear, and conscious pain and suffering, and was otherwise damaged.

61. The acts and conduct of DEFENDANT POLICE OFFICERS "JOHN DOE 1-10", as alleged in the foregoing paragraphs constitute the excessive use of force in effecting an arrest in violation of the Eighth Amendment to the United States Constitution and 42 U.S.C. Section 1983.

### THIRD CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS
(Defendant CITY OF NEW YORK)

62. Plaintiff repeats and realleges the allegations contained in paragraphs 1-61 of this complaint and though fully set forth therein.

63. At all times material to this complaint, Defendant CITY OF NEW YORK, acting through its police department, the New York City Police Department, has in effect de- facto policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct of Defendant officers.

64. Upon information and belief, Defendant CITY OF NEW YORK, failed to effectively screen, hire, train, supervise and discipline its detectives, sergeants, officers and other employees, including the Defendant Officers, Detectives, sergeant and employees herein, for their failure to protect citizens from unconstitutional conduct of other detectives, sergeants and employees, thereby permitting and allowing the Defendant officers, sergeants and employees herein to be in a position to falsely arrest and maliciously prosecute without cause or justification, that amounted to an abuse of official power causing injury and violating Plaintiff's constitutional rights, and/or permit these actions to take place with their knowledge and/or consent.

65. Upon information and belief, Defendant CITY OF NEW YORK maintained an inadequate structure for risk containment and stress management relative to its detectives, sergeants, officers and employees, and failed to create proper means of containing such risk and managing such stress. Inter alia, the structure was deficient, at the time of selection of detective, sergeants, officers and employees and thereafter during their employment, in its ability to evaluate and exchange information within the command structure of the police department about the performance of individual detectives, sergeants, officers and employees; in its training of supervisory personnel to effectively and adequately evaluate performance of an officer or employee; and in its ability to otherwise put the command and/or staff structure on notice that an individual or individuals were at significant levels of risk to the public at large. The effect of this was to permit detectives, sergeants, officers and employees to function at levels of significant and substantial risk to the public in general.

66. As a result of the foregoing conscious policies, practices, customs and/or usages, Defendant CITY OF NEW YORK has permitted and allowed the employment and retention of individuals as detectives, sergeants, officers and employees whose individual circumstances place the public or segments thereof at substantial risk of being the victims of unlawful and/or unreasonable behavior. Such policies, practices, customs and/or usages are a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the injuries to the Plaintiff therein.

67. The acts of Defendant CITY OF NEW YORK as set forth above in paragraphs 1-66 deprived Plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States and the State of New York; in particular the rights to be secure in his person and property, to due process under the law, and the right to be free from unlawful seizure, false

arrest and false imprisonment, and the intentional and/or negligent infliction of emotional distress.

68.     By these actions, Defendant CITY OF NEW YORK has deprived Plaintiff of rights secured by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983 and further violated his rights under the New York State Constitution.

69.     As a result of the foregoing, Plaintiff sustained great emotional injuries, was subjected to extreme humiliation, and was otherwise harmed, damaged and injured.

### FOURTH CLAIM: CONSPIRACY TO VIOLATE CIVIL RIGHTS
(All Defendants)

70.     Plaintiff repeats and realleges the allegations contained in paragraphs 1-69 of this complaint and though fully set forth therein.

71.     Defendants THE CITY OF NEW YORK, Defendant POLICE OFFICERS "JOHN DOE 1-10," FICTITIOUS NAMES INTENDED TO BE POLICE OFFICERS AND EMPLOYEES OF THE NEW YORK CITY POLICE DEPARTMENT INDIVIDUALLY AND AS A POLICE OFFICERS OF THE NEW YORK CITY POLICE DEPARTMENT, under the color of the law, conspired with each other to undertake a course of conduct to injure, oppress, threaten, harass and intimidate Plaintiff, denying him free exercise and enjoyment of the rights, privileges and equal protection of the law secured to him by the Constitutions of the United States and the State of New York.

72.     The aforementioned Defendants, under the color of the law, conspired with each other to undertake a course of conduct to bear false witness and/or to bear false testimony and/or to produce false evidence in an effort, in violation of Plaintiff's constitutional rights including

the right to due process, to have Plaintiff maliciously prosecuted for crimes that he did not commit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff DONALD PLETEAU requests the following relief jointly and severally as against all of the Defendants:

1. Award compensatory damages in an amount to be determined at trial;

2. Award punitive damages in an amount to be determined at trial;

3. Disbursements, costs and attorney's fees; and

4. For such other further relief that this court may deep just and proper under the circumstances.

## PLAINTIFF DEMANDS TRIAL BY JURY

Dated: Brooklyn, New York
       October 24, 2014

ALEXANDER M. DUDELSON, ESQ. (AD4809)
*Attorney for Plaintiff*
26 Court Street - Suite 2306
Brooklyn, New York 11242
(718) 855-5100